83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
JULIO M., Petitioner-Appellant,
v.
Lewis JONES, Warden, Respondent-Appellee.
 No. 95-55929.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio M., a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Julio M. contends that he was denied his Sixth Amendment right to representation by conflict-free counsel. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994), cert. denied, 115 S.Ct. 1374 (1995), and affirm.
 
 
 3
 Julio M. contends that he did not receive conflict-free representation because his attorney was a member of the public defender's office that represented a person against whom he wished to testify in order to receive a favorable plea bargain.[1]
 
 
 4
 In order to establish the constitutional basis for a conflict claim, the defendant must show that counsel actively represented conflicting interests. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980); Garcia, 33 F.3d at 1198; see also Holloway v. Arkansas, 435 U.S. 475, 485 (1978). A showing that there was an actual conflict, as opposed to the mere possibility of conflict, is necessary and must be proven through a factual showing on the record. Cuyler, 456 U.S. at 350; Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir.1994).
 
 
 5
 Here, the record does not disclose that Julio M.'s trial counsel labored under a conflict of interest. The district court heard from Julio M.'s counsel, the district attorney, and Julio M. regarding the alleged conflict. This inquiry revealed that the person against whom Julio M. wished to testify was involved in a completely unconnected case and was represented by a different attorney from the public defender's office. Moreover, the district attorney stated that his office had no desire to engage in plea negotiations with Julio M. regarding any information he may have possessed about the unrelated case. At most, a possibility of conflict existed, yet this possibility does not rise to the level of a violation of Julio M.'s Sixth Amendment rights. See Cuyler, 446 U.S. at 350; Sanders, 21 F.3d at 1452. Because the record on appeal discloses neither an actual conflict nor counsel's active representation of competing interests, Julio M.'s conflict of interest claim fails. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Julio M. also argues that he made a timely objection to continued representation by his attorney. If a timely objection to joint representation is raised at trial and the court improperly requires continued joint representation, reversal is automatic. Holloway v. Arkansas, 435 U.S. 475, 488 (1978). A defendant who raised no objection at trial, however, must show that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Based on our disposition of this case, it is unnecessary to address whether Julio M. made a timely objection